# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUSTINE LUGUE,<br><br>    Plaintiff,<br><br>v.<br><br>B. F. SAUL MORTGAGE COMPANY, CHICAGO TITLE COMPANY, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>    Defendants. | 1:10-cv-01673 LJO GSA<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDER** |

On September 15, 2010, Plaintiff Augustine Lugue, appearing pro se, filed a complaint against B. F. Saul Mortgage Company, Chicago Title Company, and Mortgage Electronic Registration Systems, Inc., alleging sixteen causes of action pertaining to a piece of real property located in Clovis, California. (Docket No. 1.) On September 20, 2010, the Court issued a summons to all named defendants. (Docket No. 2.)

On January 19, 2011, this Court issued an Order to Show Cause to Plaintiff why the summons and complaint had not been served in compliance with Rule 4 of the Federal Rules of

1  Civil Procedure.  Plaintiff was ordered to show cause in writing, no later than February 9, 2011,
2  why the case should not be dismissed for his failure to comply with Rule 4(m).  (Docket No. 5.)
3        To date, Plaintiff has failed to file a written response to the Order to Show Cause, nor has
4  Plaintiff filed proof to establish that any of the named defendants have been served with service
5  of process.

## DISCUSSION

7        Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these
8  Rules or with any order of the Court may be grounds for imposition by the Court of any and all
9  sanctions . . . within the inherent power of the Court."  District courts have the inherent power to
10 control their dockets and "in the exercise of that power, they may impose sanctions including,
11 where appropriate . . . dismissal of a case."  *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th
12 Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute
13 an action, failure to obey a court order, or failure to comply with local rules.  *See*, *e.g. Ghazali v.*
14 *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik*
15 *v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an
16 order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.
17 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court
18 apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal
19 for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.
20 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).  In
21 determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or
22 failure to comply with local rules, the Court must consider several factors: (1) the public's
23 interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the
24 risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their
25 merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831;

*Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since September 15, 2010, and there is no indication that Plaintiff intends to prosecute this action. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, a court's warning to a party that his failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. The January 19, 2011, order requiring Plaintiff to respond in writing regarding his failure to serve the summons and complaint expressly stated: "Plaintiff is admonished that this Court will recommend dismissal of his action if Plaintiff fails to comply with this Order and to show good cause for his failure to accomplish services of the summons and complaint." (Docket No. 5 at 2, emphasis omitted.) Thus, Plaintiff has had adequate warning that dismissal would result from noncompliance with the Court's order.

## RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for Plaintiff's failure to comply with a court order.

This Findings and Recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of Title 28 of the United States Code section 636 (b)(1)(B). Within thirty (30) days after being served with a copy, Plaintiff may file written objections with the Court. Such a document should be captioned

3

"Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to Title 28 of the United States Code section 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 14, 2011**                               **/s/ Gary S. Austin**
                                                                                       UNITED STATES MAGISTRATE JUDGE